IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION TWO

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 51740-0-II |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY D. LONG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Anthony Long appeals his convictions for assault and driving under the influence. He contends that the trial court twice commented on the evidence. We disagree and affirm his convictions.

FACTS

The prosecution of Anthony Long arises from a confrontation with Patrick Bailey. Patrick Bailey drove to a friend's house for a poker game when he noticed a white pickup truck approaching him from behind at a high rate of speed. The driver of the pickup, later identified as Anthony Long, tailgated Bailey. When Bailey looked in his rearview

mirror, he observed the driver screaming at his passenger, Long's girlfriend Breanna Nila. Long drove past Bailey on a grass median and then sped away.

Patrick Bailey continued on his path until he approached Anthony Long's white pickup truck parked in a gravel parking lot. Bailey saw clothes and beer cans thrown from the truck. Bailey stopped his vehicle and then watched Long pulling Breanna Nila out of the passenger side of the truck by her foot. Bailey exited his car and exclaimed: "Stop, what are you doing, stop." Report of Proceedings (RP) (March 21, 2018) at 46. Long replied to the Good Samaritan: "What are you going to do, what are you going to do?" RP (March 21, 2018) at 46. Long charged at Bailey. A fight ensued.

Patrick Bailey, who wrestled in high school, dropped to a double leg takedown position, picked up Anthony Long, and sat him on the ground. Long restood, and Bailey retreated four or five steps. Long, with more intensity, charged Bailey again. Bailey assumed the same wrestling stance and tackled Long to the ground. Bailey released his grasp of Long, and Long restood again.

Anthony Long pulled a black pistol from his waistband and pointed the weapon at Patrick Bailey's forehead. A fearful Bailey put his hands in the air, bowed his head, and repeatedly uttered: "You win, you win." RP (March 21, 2018) at 49. Long grabbed Bailey, placed him in a headlock, and pistol-whipped Bailey three times on the back of the head. Bailey bled. Bailey pushed himself free. Long continued to aim the pistol at Bailey while declaring: "I can kill you right now; I can shoot you. Do you want to die?"

2

RP (March 21, 2018) at 50. Bailey smelled alcohol on Long and, as Bailey backed toward his car, asked Long how much he had had drank. Bailey safely reached his car and drove to his friend's house.

A passerby, Timothy Bussanich, observed the scuffle between Anthony Long and Patrick Bailey. Bussanich parked his car in the gravel lot, exited his car, and observed the two men arguing and yelling. Bussanich noticed blood splattering Bailey's head and shirt. Bussanich saw Long pull a gun and heard Long threaten to shoot Bailey. Bussanich overheard Bailey repeatedly asking Long: "why are you hitting her?" RP (March 21, 2018) at 171. Bussanich told Bailey to stop talking and leave. Eventually Bailey retreated after Bussanich scolded him: "You need to get out of here, you're bleeding real bad." RP (March 21, 2018) at 51. Bussanich called 911.

Anthony Long later drove near the gravel parking lot where he fought Patrick Bailey. Kelso police officers, after recognizing Long's bright orange shirt and substantial beard, stopped Long's vehicle. Officer Jonathan Dahlke noticed Long acting impaired and directed him to perform field sobriety tests. After Long failed the tests, officers arrested Long and transported him to the jail for a breath test. At the jail, Long refused to provide a sufficient breath sample.

PROCEDURE

The State of Washington charged Anthony Long with assault in the second degree with a firearm enhancement, assault in the fourth degree with a domestic violence

3

designation, and driving while under the influence of alcohol. The State identified

Patrick Bailey as the victim of second degree assault and Breanna Nila as the victim of

fourth degree assault. During trial, Long presented a self-defense argument.

At the conclusion of trial, the prosecutor for the State presented his closing

argument from 10:54 a.m. to 11:35 a.m., for a total of forty-one minutes. Defense

counsel's closing argument lasted from 11:35 a.m. to 12:16 p.m., also for a total of forty-

one minutes. Near the end of Anthony Long's attorney's closing and after counsel had

concluded argument about self-defense and transitioned into a discussion of the DUI

charge, the following exchange occurred between the trial court and defense counsel:

> THE COURT: Can I ask you, Mr. [defense counsel], to please be
> cognizant of the time. We're well into the lunch hour.
> [DEFENSE COUNSEL]: Yes, your Honor, I'll try and be brief.

RP (March 22, 2018) at 435. Long's attorney then concluded his closing argument. We

do not know the length of the closing after the court's interruption, but the rest of the

closing covers two pages of verbatim report of proceedings.

After Anthony Long's attorney finished his closing, but prior to the State's

rebuttal, a similar exchange occurred between the trial court and the prosecutor:

> THE COURT: All right. Go ahead, Mr. Bentson [the State's
> attorney]. Please also be aware of the time.
> [THE STATE]: I'm going to try and get this done in 10 minutes.
> Hang in there. And thank you for your attention on this case. It's really
> important, I appreciate it, and it's going to be up to you.

RP (March 22, 2018) at 437. The prosecutor then delivered the State's rebuttal argument, which lasted ten minutes and consumed six pages of verbatim report of proceedings.

Before jury deliberations, the trial court cautioned the jury regarding the safe handling of Anthony Long's pistol, which weapon had been admitted into evidence and given to the jury to analyze in the jury room. The court commented:

> So at this time, ladies and gentlemen, we have ordered your lunch and it's on the way. I'm going to release you back to the jury room to begin your deliberations.
> One thing, I will caution you, I've been assured by the Kelso Police that the gun is secured. It has been admitted into evidence, so it will go back to you—or back to the jury room with you. It has been equipped with a cable of sorts that locks into it that I'm told will prevent it from operating, but I do ask you to be considerate of one another. One of the things that was interesting that we heard during voir dire was one of the gentleman [sic] talked about the rules for guns. There is no such thing as an unloaded gun, never point it at anybody, things like this, never put your finger on the trigger. So maybe some of you are more familiar with firearms than others, so please be respectful with one another. Please, if you feel the need to touch it, please do it in a way that would not disturb or alarm any other juror. So I just ask you to observe that.

RP (March 22, 2018) at 443-44. Although this passage references comments by a venireman, neither party filed a transcript of voir dire with this reviewing court.

The jury found Anthony Long guilty of assault in the second degree and driving under the influence of alcohol. The jury also returned a special verdict that found Long was armed with a firearm at the time he committed the assault in the second degree and a special verdict that Long refused to submit to a breath test. The jury acquitted Long of the fourth degree assault charge.

LAW AND ANALYSIS

On appeal, Anthony Long contends the trial court uttered two remarks that qualify as an unconstitutional comment on the evidence. Long isolates the court's instruction to defense counsel during closing to be mindful of the time and the court's directions to the jury to be careful in handling the gun. He asserts the second comment as being error in his statement of additional grounds (SAG). We address each of the trial court's remarks separately.

Anthony Long maintains that the trial court's comment to defense counsel about infringing on the lunch hour implicitly told the jury that defense counsel's remarks paled in importance to the State's attorney's comments. Long further contends that the trial court's comment unfairly relieved the prosecution of its burden to prove to jurors that Long did not act in self-defense and that he was sufficiently intoxicated to be driving impaired. The State argues the trial court's reminder to Long's attorney that closing argument had entered the lunch hour created no risk of the jury inferring the trial court held or did not hold certain beliefs regarding the evidence. Furthermore, the State maintains that statements by the court reminding the attorneys of the time are appropriate and necessary for a trial judge to maintain order in the courtroom.

We deem Anthony Long's argument to encompass one factual fatal flaw. Long fails to recognize that the trial court also delivered the same cautionary remark to the State's attorney when the attorney began his rebuttal argument. Thus, the remark to

6

defense counsel cannot be considered a suggestion that the prosecuting attorney's remarks merited more worth. We need not address the implications of the trial court uttering the comment to defense counsel, but not to the State's attorney.

Article IV, section 16 of the Washington Constitution provides:

> Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law.

This prohibition seeks to prevent the jury from being influenced by knowledge conveyed to it by the court as to the court's opinion of the evidence submitted. *State v. Lampshire*, 74 Wn.2d 888, 892, 447 P.2d 727 (1968). Under this constitutional provision, any remark by the judge that suggests that the jury need not consider an element of an offense may qualify as judicial comment. *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006).

If a trial judge's remarks constitute a comment on the evidence, this court will presume the comments were prejudicial. *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995). The State bears the burden to show that no prejudice resulted unless the record affirmatively shows that no prejudice could have resulted. *State v. Lane*, 125 Wn.2d at 838-39; *State v. Lampshire*, 74 Wn.2d at 892. While we presume prejudice when a trial court improperly comments on the evidence, the presumption withers when the remark could not have influenced the jury. *State v. Lane*, 125 Wn.2d at 839; *State v. Bogner*, 62 Wn.2d 247, 252, 382 P.2d 254 (1963).

Anthony Long relies on *State v. Lampshire* and *State v. Bogner* for support. In *State v. Lampshire*, after an objection to the materiality of the testimony by the prosecution, the trial judge stated:

> Counsel's objection is well taken. We have been from bowel obstruction to sister Betsy, and I don't see the materiality, counsel.

*State v. Lampshire*, 74 Wn.2d at 891. Our Supreme Court reasoned that, although the remark was inadvertent, the judge's comment implicitly conveyed to the jury his personal opinion concerning the worth of the defendant's testimony. *State v. Lampshire*, 74 Wn.2d at 892. The court reversed the conviction and remanded for a new trial.

The Washington Supreme Court also found reversible error in *State v. Bogner*. During the State's examination of a police officer in a robbery prosecution, defense counsel objected to the witness' testimony and the trial judge said: "Don't you think we are getting a little ridiculous, or aren't we?" *State v. Bogner*, 62 Wn.2d at 249. This remark improperly conveyed to the jury the judge's personal feeling as to the truth or falsity of the evidence and, therefore, violated the constitutional prohibition.

Unlike in *State v. Bogner* and *State v. Lampshire*, we hold that the trial judge's comment to defense counsel to be cognizant of the time did not cross the line into impropriety. The trial judge never implicitly communicated that the court held a certain belief regarding the evidence or favored either side. While Anthony Long maintains that the comment implicitly conveyed its opinion to jurors that the defense case was weak and

further argument did not merit postponing lunch, Long ignores the fact that the trial judge made a similar comment to the State's counsel just before his rebuttal.

Anthony Long next complains of the trial court's comments to the jury about gun safety. Long contends that the trial court's cautionary statement to the jury regarding the safe handling of a firearm constituted an unconstitutional judicial comment that legitimized the supposed rules of gun. The trial court referenced a venireman as referring to rules for guns, which included the rule to never put one's finger on the trigger. Long extrapolates that one of the rules of gun safety is "you never draw your gun unless you plan to use it." SAG at 2. In turn, Long complains that this rule diminishes the efficacy of his defense of self-defense because of trial evidence that he drew his gun before the scuffle with Patrick Bailey.

We reject Anthony Long's contention because, in part, the record does not confirm that the venireman referenced any rule of gun safety that one should not draw the gun unless one plans to fire the gun. The trial court never mentioned any safety rule that one should not draw one's gun unless prepared to fire. Issues that involve facts or evidence not in the record are properly raised through a personal restraint petition, not a statement of additional grounds. RAP 10.10.

We also reject Anthony Long's contention because we conclude the trial judge's remark was not a comment on the evidence. As explained before, a statement by the court constitutes a comment on the evidence if a jury can infer the court's attitude toward

the merits of the case or the court's evaluation relative to a disputed issue. *State v. Lane*, 125 Wn.2d at 838 (1995). The trial court's gun safety cautionary advice to the jury did not convey the judge's opinion of the evidence. The court delivered its cautionary words for the jury's safety and the safety of all involved in the proceedings. The court only reminded the jurors that firearms are dangerous and to always treat a firearm as if loaded.

CONCLUSION

We affirm the convictions of Anthony Long.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Melnick, P.J.

_____
Glasgow, J.

10